IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 345

| | |
|---|---|
| DENNIS JAMES MORGAN, JR. and BRENDA THOMAS, | |
| Plaintiff, | MEMORANDUM AND RECOMMENDATION |
| v. | |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE CO., AN ILLINOIS CORPORATION, | |
| Defendant. | |

This matter is before the Court on Defendant's Amended Partial Motion to Dismiss (Doc. 6), which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). Having carefully considered the parties' arguments, the record, and applicable authority, the undersigned respectfully recommends that the Motion be denied.

I. Factual Background

The facts as alleged in Plaintiff's Amended Complaint are as follows:

Plaintiffs Dennis James Morgan, Jr. and Brenda Thomas (collectively, "Plaintiffs") are residents and citizens of Buncombe County, North Carolina. Defendant Allstate Property and Casualty Insurance Co. ("Defendant") is a corporation that is organized under the laws of the state of Illinois and conducts business in North Carolina. Pls.' Am. Compl. (Doc. 1-2) at ¶¶1-2.

In November 2015, Plaintiff Dennis Morgan owned a 2015 Nissan Altima ("Vehicle"). The Vehicle was insured under Defendant's Policy No. 000990164659 ("Policy"), which provided comprehensive coverage, including coverage for loss due to theft, vandalism, or fire. Id. at ¶¶ 3-6.[1]

On November 19, 2015, the Vehicle was stolen from the Asheville Mall. Morgan reported the theft to the Asheville police department, which conducted investigation. Plaintiffs were not implicated or charged. Id. at ¶¶ 8-10.

Morgan also filed a claim with Defendant in relation to the theft of the Vehicle. Defendant denied the claim on April 4, 2016. Id. at ¶¶ 10-13.

## II. Procedural Background

### A. The Prior Action

On September 26, 2018, Plaintiffs brought an action against Defendant in the Superior Court of Buncombe County, North Carolina ("Prior Action"), alleging claims for breach of contract and bad faith. Defendant removed the case to this court on October 30, 2018. See 1:18-CV-313-MR-WCM (Doc. 1-1).

On November 19, 2018, the Prior Action was dismissed through a Stipulation of Dismissal Without Prejudice which provided in part:

---

[1] Plaintiffs appear to allege that they were both named insureds under the Policy.

> Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, the parties hereto each stipulate to the mutual and voluntary dismissal without prejudice of the case and all of the claims in the above-captioned action.

Id. (Doc. 9).

### B. The Instant Action

On November 8, 2019, Plaintiffs filed the instant action in the Superior Court of Buncombe County, North Carolina. (Doc. 1-1).

On December 9, 2019, Plaintiff filed an amended complaint alleging claims for breach of contract, unfair and deceptive trade practices, and bad faith. (Doc. 1-2).

On December 13, 2019, Defendant removed the case to this court. (Doc. 1).

On December 20, 2019, Defendant filed its Answer which included a Motion to Dismiss. (Doc. 4). Defendant also filed a supporting memorandum. (Doc. 5). The Amended Motion to Dismiss was filed on December 23, 2019. (Doc. 6).

Plaintiffs have responded (Doc. 7). Defendant has not filed a reply.

## III. Legal Standard

In a motion made pursuant to Rule 12(b)(6), the central issue is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In that context, the court accepts the allegations

3

in the complaint as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192. The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192.

"If a statute of limitations affirmative defense is raised in a motion to dismiss, the Court must decide if 'the [complaint] sets forth on its face the facts necessary to conclude that [the] plaintiff's claims are barred by the statute of limitations.'" Chelko v. Does, No. 3:18-CV-00536-GCM, 2019 WL 3294201, at *1 (W.D.N.C. July 22, 2019) (quoting Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007)).

## IV. Discussion

In the Motion, Defendant argues that Plaintiffs' claims for breach of contract and bad faith are time-barred under Rule 41 of the Federal Rules of Civil Procedure. Specifically, Defendant contends that the instant action was filed after the three-year statute of limitations for these claims had run and that the limitation period was not tolled by operation of the savings provision of Rule 41 of the North Carolina Rules of Civil Procedure.

Plaintiffs counter that their breach of contract and bad faith claims are timely because North Carolina Rule 41(a) tolled the limitations period

4

following the dismissal of the Prior Action.

A federal court sitting in diversity applies the substantive law of the forum state, including state statutes of limitations. Bonham v. Weinraub, 413 F. App'x 615, 616 (4th Cir. 2011) (citations omitted); Sebastian v. Davol, Inc., No. 5:17-CV-00006-RLV-DSC, 2017 WL 3325744, at *2 (W.D.N.C. Aug. 3, 2017) (citations omitted) ("A federal court sitting in diversity generally applies the statute of limitations which would be applied by a court of the forum state.").

Defendant argues, and Plaintiffs do not appear to contest, that Plaintiffs' breach of contract claim and common law claim for bad faith are subject to a three-year statute of limitations. (Doc. 5) at 4–5 (citing N.C.G.S. § 1–52(1)). As noted above, however, the parties disagree as to whether this limitations period was tolled pursuant to North Carolina Rule 41(a)(1), which provides that when an action that has been commenced within the appropriate time is later dismissed without prejudice, "a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time." N.C.G.S. § 1A-1, Rule 41(a)(1). That is, "if a plaintiff voluntarily dismisses a filed action without prejudice, the Rules allow a new action on the same claim to be filed within one year of the dismissal, even if otherwise barred by the statute of limitations." Leardini v. Charlotte-Mecklenburg Bd. of Educ., No. 3:09-CV-264,

5

2011 WL 1234743, at *1 (W.D.N.C. Mar. 29, 2011) (citing N.C.G.S. § 1A–1, Rule 41(a)(1)).

"[D]istrict courts sitting in North Carolina have long recognized the applicability of the savings provision under Rule 41(a) of the North Carolina Rules of Civil Procedure to actions recommenced in federal court, so long as the case was before the district court on diversity jurisdiction." U.S. ex rel. Martin Marietta Materials, Inc. v. DTC Engineers & Constructors, LLC, No. 5:11-CV-111-F, 2012 WL 2311491, at *4 (E.D.N.C. June 18, 2012)(citing cases).

In Haislip v. Riggs, 534 F. Supp. 95 (W.D.N.C.1981), the court explained:

> The tolling of a state statute of limitations in a diversity case is strictly a substantive matter of state law which Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) command that this Court follow absent substantial countervailing federal interests. Id. Therefore, this Court holds that North Carolina Rule 41(a) applies in this case and finds and concludes that the action was filed within one year of the voluntary dismissal without prejudice and is not barred by the North Carolina statute of limitations.

Haislip v. Riggs, 534 F. Supp. at 98.

More recently, in Leardini v. Charlotte-Mecklenburg Bd. of Educ., No. 3:09-CV-264, 2011 WL 1234743, (W.D.N.C. Mar. 29, 2011), the original action, which alleged a § 1983 claim as well as various state law claims, was filed in state court, removed, and subsequently dismissed without prejudice pursuant

6

to a stipulation of the parties. The plaintiff later refiled the case in state court and the defendants again removed it. A defense motion for summary judgment based on the statute of limitations was subsequently denied. Leardini, 2011 WL 1234743, at *1 (W.D.N.C. Mar. 29, 2011).

The instant case presents similar circumstances.[2] Plaintiffs' claims are based on North Carolina law and have been removed by Defendant, now twice. Therefore, North Carolina substantive law, including the savings provision of North Carolina Rule 41(a), applies. Since Plaintiffs re-filed this matter (on November 8, 2019) within one year of the voluntary dismissal without prejudice of the Prior Action (on November 19, 2018), Plaintiffs' claims are not barred by the statute of limitations.

---

[2] The fact that the court in Leardini had federal jurisdiction over the plaintiff's § 1983 claim and supplemental jurisdiction over the state law claims did not compel a different result. The court noted that the defendants had chosen the federal forum and that the United States Supreme Court has consistently applied state statutes of limitation and relevant state tolling provisions to § 1983 claims. Leardini v. Charlotte-Mecklenburg Bd. of Educ., No. 3:09-CV-264, 2011 WL 1234743, at *3 (W.D.N.C. Mar. 29, 2011).

## IV. Recommendation

Accordingly, the undersigned **RECOMMENDS** that Defendant's Amended Partial Motion to Dismiss (Doc. 6) be **DENIED**.

Signed: April 13, 2020

W. Carleton Metcalf
United States Magistrate Judge

### Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).